IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Michael TILLMAN                        )
    Plaintiff                        )
    Pro-Se                           )
                                       )
John Paul SMITH                        )
    Plaintiff                        )
    Pro-Se                           )   No. _____
                                       )
Donald F. BLIZZARD Sr.                 )   JURY TRIAL DEMANDED
    Plaintiff                        )
    Pro-Se                           )   **04-40107**
                                       )
vs                                     )
                                       )
Johnson Divsersay, Inc.                )
    8310 16th St.                    )
    Sturtevant, WI                   )
        Defendant                )

CIVIL ACTION AT LAW
PURSUANT TO 28 USC 1332(a)(1)

AND NOW, before this Honorable Court, are **Michael TILLMAN,**
**John Paul SMITH,** and **Donald F. BLIZZARD, Sr.**, be they hereinafter
known and discussed as the Plaintiff's who are at bench, now,
in pro-se.

Plaintiff's aver the below and ongoing factual information
to support this Civil Action at Law.

-A-

JURISDICTION

This Honorable Court is vested with jurisdiction, pursuant to
**Title 28 USC 1332(a)(1)**, "Diversity of Citizenship", "citizens
of different states".

Here, the Plaintiff's reside in the Commonwealth of Massa-
chusetts, while the Defendant conducts the business of his

corporation in Wisconsin.  Upon the release of your Plaintiffs
from Federal incarceration, **TILLMAN** will reside in New Jersey,
**BLIZZARD** in Maryland, while **SMITH** will live in West Virginia.
<u>Please</u> <u>see</u>: 1332(a)(1), "Case falls within Federal Court's
original diversity of citizenship among parties is complete;
that is, only if there is (as here) no Plaintiff and no Defendant
who are citizens of the same state.  <u>Please</u> <u>See</u>:  <u>Corrections</u>
<u>vs Schact</u> (1998) 118 S.Ct. 2047; 524 U.S. 381; 141 Fed.2d 364;
con remained at 125 F.3d 497, <u>in</u> <u>accord</u>:  <u>Pyle vs Hatley</u>
239 FS2d 970.

-B-

### <u>PARTIES TO ACTION</u>

John Paul **SMITH**, is an inmate of the Federal Bureau of
Prisons, who, by the determination of the Attorney General of the
United States, is assigned to the Federal Medical Center at
Devens, MA.

Michael **TILLMAN** is an inmate of the Federal Bureau of
Prisons, who, by the determination of the  Attorney General of
the United States, is assigned to the Federal Medical Center at
Devens, MA.

Donald F. **BLIZZARD** is an inmate of the Federal Bureau of
Prisons, who, by the determination of the Attorney General of
the United States is assigned to the Federal Medical Center at
Devens, MA.

John **Diversary, Inc.**, is a corporation of which the complain-
ed of product causing injury to the named Plaintiffs, derives
from, an industrial and professional user wax products contain-

-2-

ing dangerous and combustible ingredients.

-C-

## PHYSICAL INFRACTIONS OF PARTIES

**John Paul SMITH** was born with severe juvenile diabetes, who lost full use of both kidneys in 1995.  **SMITH**, due to the loss of kidney functions, underwent dialysis treatment from 1995-2000.  In November of 2000, **SMITH** became a "kidney pancreas transplant" recipient, having the procedure performed at Georgetown University in Washington, DC.

Petitioner, in concert to his diabetes, had removed his right leg (below the knee).  He too lost his left foot to the disease.  These operations were performed at the Winchester Hospital in Virginia.  **SMITH**, too, suffers from high blood pressure and additionally must take anti-rejection medication for his transplant on a daily basis.

**Donald BLIZZARD** suffers from arterial fribulation, which has not "reversed".  The improper heartbeat of his upper cardiac chamber, blood thinning and heart rythm control medications are provided.  He, too, suffers from a steel halo casted right leg (broken tibia, fibia, ankle and foot), which has eight (8) external to internal exposed holding pins, and three (3) exposed frontal tibia brass posts.

**Michael TILLMAN** suffers from diabetes, hepatitis C, hypertension (coupled with high blood pressure), arthritis, a pancreatic cyst, and complete kidney failure resulting in kidney dialysis of twelve (12) hours per week.  **TILLMAN** injests a variety

of life-sustaining medications on a daily basis, such as, but not limited to, Percocet, Doxazosin, Glyburide, Metoprolol, Loya-statin, Dialyvite Aspirin, E.C. 325 Calcium Carbonate, and body cleansing medications due to kidney failure.

-D-

## SUMMARY OF CIVIL ACTION

In April of 2004, while Federal Prison inmates at the Federal Medical Center at Ayer, MA, your Plaintiffs were subjected to several days and nights of direct aid, indirect inhalation, and resulting "spraying" on the complained of product.

FMC Devens was on a hygiene betterment program, which included stripping and waxing the hospital corridor floors, individual rooms, etc.

The use of the product which, by its very container, is devoid of inhalation or skin contact advisements, resulted in like respiratory problems and subsequent infection to the named Plaintiffs.

Plaintiffs, by **Donald BLIZZARD**, wrote to the respondents, seeking only (emphasis added) R & D, medical advice, etc., regarding prior like symptoms.  The only response was a reply from the Defendant's Counsel, **Gary R. ZIESMER**, who replied, <u>inter alia</u>, "It's likely the cause of your illness(es) lies elsewhere".

Plaintiffs were not considering an action at law, only product information for their immediate and future well-being, and found an attorney reply in very poor taste, thus this civil action at law.

-E-

## COMPLAINT

1.  In the first week of April 2004, while being residents of
    P-2 (second floor) and P-3 (third floor), other inmates
    under no direct supervision of staff personnel underwent a
    stripping and re-waxing of the corridor and rooms of P-2
    and P-3.  The procedure lasted several days, culminating
    with machine buffing of the treated areas.

2.  Your Plaintiffs, by the initial entry of the end product,
    wax, know to the Federal Bureau of Prisons as premis,
    purchased from Johnson's Wax, 8310 16th St., Sturtevant,
    WI, began sickening them.

3.  Plaintiffs suffered jointly the same symptoms; however, due
    to severe respiratory infractions, **TILLMAN** and **BLIZZARD**
    fared much worse.

4.  The symptoms of all Plaintiffs, included, but was not limited
    to, chest pain, respiratory congestion, pelgum, dizzyness,
    loss of appetite and sleeplessness. The symptoms continue.

5.  The treatment plan offered, for example, to Plaintiff **SMITH**,
    was **inter alia** (1) lock him in the restrictive housing unit
    twenty-four (24) hours a day where the product is not used;
    and (2) issue disposable breathing instruments to the inmates.
    No "decision" has yet to be reached.

6.  The Plaintiffs, in unison, becoming "high" from the fumes,
    sought from the product applicators, inmates, if they were
    experiencing like feelings.  The replies were all in the

affirmative. Most, if not all, of the inmate workers then bore breathing masks to avoid the fumes.

7.  Plaintiff **BLIZZARD** collected an empty bottle of the wax from the trash and found the label to not include any advisement for inhalation of fumes, or skin contact with the product, or any method cited to avoid the fumes.

8.  The BOP, however, at Identity number 12660-700b, -34590-94-8 - 111-90-D, etc., has recorded in their "hazardous product" recommends to: (a) avoid inhalation; (b) avoid skin or eye contact; (c) eye irritant, and (d) combustible fluid.

9.  With the Plaintiffs recording of all chemicals contained of in the complained-of product, it will be clearly demonstrated at trial that the chemicals alone, or in concert to one another, are in direct contravention to environmental standards, citing "enclosed areas", can cause respiratory illnesses, shortness of breath, congestion, and other known respiratory and medical conditions that are deemed acute.

10. Donald **BLIZZARD** continues to suffer chest discomfort, congested lungs and nasal passages, extreme amounts of pelgum in his throat, and a continued infection and ulceration of the areas adjoining his eleven (1) pin cited on his right leg, he, too, suffers sleep deprivation.

11. Michael **TILLMAN**'s suffering remains the most severe in that he suffers extreme stomach cramps, bloating, lung congestion, nasal congestion, etc. The pain resulting from these conditions will clearly be shown at trial have caused him, since

the ingestion of this product to remove himself prematurely

from his twice weekly dialysis treatments, thus resulting

in Dialysis deprivation conditions.

12.  John Paul **SMITH** continues to suffer a cough, congestion in

both chest and nasal areas, combined with pelgum, sickness

in his stomach and kidney (newly transplanted), but not

limited to sleep deprivation.[1]

[1]  **Plaintiff's, by avenue of plaintiff BLIZZARD's family
     media contacts (with Defendants being first advised
     prior, in so that a rebuttal may be proffered) will
     seek to warn the National Public, directed to all, but
     specifically (as here) the aged and infirm, those with
     respiratory problems, children, and pregnant women, of
     the instant action, the chemicals contained in this
     industrial product, and to avoid inhalation, skin
     or eye contact.**

-F-

## RELIEF REQUESTED

Plaintiffs seek, by agreement with all parties named herein,

that a warning as discussed be affixed to this product.

Until this warning is in place, Plaintiffs seek that class

of persons discussed in Footnote 1 (nursing homes, maternity

wards, child care centers, and the general public) be advised

of the contents of this product and all side effects to birth

or health.

Plaintiffs seek in excess of seventy-five thousand ($75,000)

dollars each for compensatory damages.

Plaintiffs seek in excess of seventy-five ($75,000) each

in punitive damages.

-7-

Plaintiffs seek continued free care for future health concerns relating to this complaint.

Plaintiffs seek reasonable Attorney fees, cost of reproductions, and U.S. Postal charges.

## -G-

## CONCLUSION

WHEREFORE, for all of the reasons contained herein, Plaintiffs pray the Court to order the complaint served upon the Defendant, and grant Pauperis in so that Plaintiffs may proceed before the Court without cost or fee.

Respectfully Submitted,

Michael TILLMAN

John Paul SMITH

Donald F. BLIZZARD, Sr.

## UNSWORN VERIFICATION

I, **Donald F. BLIZZARD, Sr.**, do depose pursuant to **Title 18 USC 1746**, that all of the information contained herein is true and correct to the best of my knowledge, information and belief.

Respectfully Submitted

Donald F. BLIZZARD, Sr.
Reg. #34258-037
FMC Devens
P.O. Box 879
Ayer, MA   01432

## UNSWORN VERIFICATION

I, **Michael TILLMAN**, do depose, pursuant to **Title 18 USC**
**1746,** that all of the information contained herein is true and
correct to the best of my knowledge, information and belief.

Respectfully Submitted

Michael TILLMAN
Reg. # *C89602250*
FMC Devens
P.O. Box 879
Ayer, MA   01432

## UNSWORN VERIFICATION

I, **John Paul SMITH**, do depose, pursuant to **Title 18 USC 1746**, that all of the information contained herein is true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

John Paul SMITH
Reg. # _____
FMC Devens
P.O. Box 879
Ayer, MA   01432