UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL TILLMAN<br>    Plaintiff, Pro-Se<br><br>JOHN PAUL SMITH<br>    Plaintiff, Pro-Se<br><br>DONALD F. BLIZZARD, SR.<br>    Plaintiff, Pro-Se<br><br>v.<br><br>JOHNSONDIVERSEY, INC.<br>[Incorrectly identified as "Johnson Divsersay, Inc.]<br>    Defendant. | DOCKET NO: 04-CV-40107-GAO |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT JOHNSONDIVERSEY, INC., TO DISMISS AND SEVER

The defendant, JohnsonDiversey, Inc., (incorrectly identified as "Johnson Divsersay, Inc.) (herein "JDI"), submits the within Memorandum of Law in Support of its Motion to Dismiss and Sever.

### INTRODUCTION

Plaintiffs John Paul Smith, Michael Tillman and Donald F. Blizzard are federal prisoners at the Federal Medical Center at Devens, Massachusetts. (Complaint, p. 2). They allege that they each sustained injury which they associate with use of "premis, a product purchased from Johnson's Wax." (Complaint. p. 5). Plaintiffs allege that they sustained "like respiratory problems and subsequent infections" when fellow inmates stripped and waxed the floors, during the first week of April 2004, on the second (P-2) and third (P-3) floors of their facility. (Complaint. p. 5). Plaintiffs allege that they were

offered a "treatment plan" — either a restrictive housing unit where the product was not used, or issuance of "disposable breathing instruments to the inmates" (Complaint, p. 5). but, presumably, refused these options and ultimately sustained the alleged injuries as a result.

Plaintiffs bring a one count Complaint against JDI seeking a.) vague but broad injunctive relief: that a "warning" be affixed to the subject product and that, until the "warning" is in place, advise "nursing homes, maternity wards, child care centers, and the general public of the contents of the product and all side effects to birth or health," b.) compensatory damages of $75,000 each, c.) punitive damages of $75,000 each, d.) "continued free health care," e.) attorney's fees, and postage and f.) copy costs. No specific cause of action or theory of recovery against JDI is alleged.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS MUST BE DISMISSED AS PLAINTIFFS' FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted where the plaintiff cannot prove a set of facts in support of the plaintiff's claim which would entitle him to relief. *Johnson v. Brown & Williamson Tobacco Corp.*, 122 F. Supp.2d 194, 198 (D. Mass. 2000). A Complaint must contain factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). It is not enough to plead a general scenario—and leave the defendant to wonder what theories of recovery are being alleged. *Gooley v. Mobil Oil Corp.*, 851 F.2d at 515.

B. **PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs do not identify or allege a specific theory of recovery. In fact, they do not allege any cause of action against the Defendant. Plaintiffs assert the following statement as the apparent basis for their claim:

> Plaintiffs, by Donald BLIZZARD wrote to the respondents, seeking *only* (emphasis added) R & D, medical advice, etc., regarding prior like symptoms. The only response was a reply from the Defendant's Counsel, Gary R. Ziesmer, who replied, inter alia, "Its likely the cause of your illness(es) lies elsewhere". [sic] *Plaintiffs were not considering an action at law, only product information for their immediate and future well-being, and found an attorney reply in very poor taste, thus this civil action at law.*

(Complaint, p. 4) (emphasis added).

Plaintiffs' cause of action, by the allegations in the complaint, is based upon their dissatisfaction with a reply of counsel for JDI, which they found in "poor taste." Poor taste, or what plaintiff considers poor taste, does not state a cause of action under state or federal law.

Moreover, Plaintiffs' Complaint fails to allege that JDI made or sold the product(s) in issue. There is no allegation that JDI made the product(s) in issue, or that JDI sold the product(s), or that JDI labeled the product(s). The Complaint refers to floor stripper and wax—without indicating whether one or two or several products are the subject of the claim. The only allegation identifying the product(s) refers to "premis, purchased from Johnson's Wax." The failure to plead a nexus between JDI and the product(s) in issue is fatal to any particular cause of action.

As Plaintiffs have failed to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) their Complaint should be dismissed.

3

## II. PLAINTIFF'S CLAIM MUST BE DISMISSED AS DIVERSITY JURISDICTION IS NOT PROPERLY PLEAD

Plaintiffs allege that this court has jurisdiction under 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between and among all the parties. The Complaint fails to properly allege a basis for this claim of jurisdiction.

The plaintiffs allege that: "Here, the Plaintiff's [sic] reside in the Commonwealth of Massachusetts, while the Defendant conducts the business of his corporation in Wisconsin." (Complaint, pp. 1-2). The Complaint lacks any allegation about the corporate citizenship of JDI. The Complaint does not allege a principal place of business for JDI.

Plaintiffs state that while they currently reside in the state of Massachusetts, "upon the release from incarceration, [Plaintiff] Tillman will reside in New Jersey, [Plaintiff] Blizzard in Maryland, while [Plaintiff] Smith will live in West Virginia." (Complaint, p. 2). The plaintiffs currently reside in Massachusetts, and their future plans for relocation are irrelevant to the question of their citizenship under 28 U.S.C. 1334. Prisoners are deemed to be residents of the state they lived in immediately prior to their incarceration. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

Plaintiffs have merely alleged that they are currently incarcerated in the same state and where they *intend* to reside upon release from incarceration. This is insufficient to invoke diversity jurisdiction. Plaintiffs have not plead where they resided before their incarceration, and therefore do not show that they are all citizens of different states. In addition, Plaintiffs have not plead any corporate citizenship of JDI. Therefore, diversity

jurisdiction is not adequately plead and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

### III. PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS IT IS DEFECTIVE IN FORM UNDER FED. R. CIV. P. 10(b)

Plaintiffs' Complaint fails to conform to pleading requirements. Under Fed. R. Civ. P. 10(b), each claim is to be made in separate numbered paragraphs. Plaintiffs' Complaint fails to conform to these requirements and should be dismissed.

### IV. PLAINTIFFS' CLAIMS MUST BE SEVERED AS THEY ARE IMPROPERLY JOINED

Plaintiffs join their separate claims together into a single lawsuit. Fed. R. Civ. P. 20 permits joinder of separate claims in one action, "if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20. The Complaint does not allege that plaintiffs were injured in a single occurrence. The floors were stripped and waxed over "several days." The Complaint does not allege the location where the three plaintiffs were exposed to the products in issue, but it does state that the injuries occurred on two separate floors over the course of a number of days.

All three Plaintiffs have very involved health histories, were apparently located on different floors of the Federal Medical Center, and were apparently exposed to the floor stripper/wax on different days. Its not clear from the Complaint that plaintiffs assert that their injuries arise from a single occurrence. In fact, the more reasonable inference to be drawn from the vague allegations is that this case involves more than a single occurrence. Plaintiffs' claims are improperly joined and must be severed.

5

## V. PLAINTIFFS' PRAYER FOR INJUNCTIVE RELIEF, PUNITIVE DAMAGES AND COSTS MUST BE STRICKEN

The Complaint is packed with requests for novel relief, but the facts plead do not support the relief sought. Plaintiffs ask for injunctive relief without pleading any of the four factors necessary in order for a court to grant injunctive relief: "(1) the probability of the movant's success on the merits; (2) the prospect of irreparable harm absent the injunction; (3) the balance of relevant equities (focusing upon the hardship to the movant if an injunction does not issue as contrasted with the hardship to the nonmovant if it does); and (4) the effect of the court's action on the public interest." *Matos v. Clinton School Dist.*, 367 F. 3d 68, 73 (1st Cir. 2004); citing *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F 3d 12, 15 (1st Cir. 1996); *Narragansett Indian Tribe v. Guilbert*, 934 F. 2d 4,5 (1st Cir. 1991).

Plaintiffs seek: "a warning as discussed be affixed to this product. Until this warning is in place, Plaintiffs seek that class of persons discussed in Footnote 1 (nursing homes maternity wards, child care centers, and the general public) be advised of the contents of this product and all side effects to birth or health." (Complaint, p. 7). In addition, Plaintiffs seek "continued free care for future health concerns relating to this complaint." (Complaint. p. 8) but fail to show or allege a real threat of harm. "A preliminary injunction should not issue except to prevent a real threat of harm." *Matos*, 367 F. 3d at 73. Plaintiff's do not allege and cannot show a probability of success on the merits of their case, prospective irreparable harm, a balance of hardship tipping in their favor, or the effects of the Court's action to the public interest. Plaintiffs' prayer for any injunctive relief is improper and must be stricken.

Additionally, Plaintiffs plead extraneous matters that should be stricken pursuant to Fed. R. Civ. P. 12(f), as "redundant, immaterial, impertinent, or scandalous matter." Plaintiffs state:

> Plaintiff's, by avenue of plaintiff BLIZZARD's family media contacts (with Defendants being first advised prior, in so that a rebuttal may be proffered) will seek to warn the National Public, directed to all, but specifically (as here) the aged and inform, those with respiratory problems, children, and pregnant women, of the instant action, the chemicals contained in this industrial product, and to avoid inhalation, skin or eye contact.

(Complaint, p. 7).

Plaintiffs' Complaint also contains statements regarding correspondence to JDI. (Complaint. p. 4). Both these statements are extraneous matters and have nothing to do with any claims Plaintiffs are attempting, but ultimately fail, to make and should be stricken from the Complaint.

Furthermore, Plaintiffs' Complaint asks for punitive damages. In Massachusetts, punitive damages are not allowed except where expressly allowed under statutory authority. *Schiller v. Strangis*, 540 F. Supp. 605, 624 (Mass. 1982); *Santana v. Registrars of Voters of Worcester*, 398 Mass. 862, 867 (1986). Plaintiffs cite no authority as the basis for their prayer for punitive damages. The prayer for recovery of punitive damages must be stricken.

## VI. PLAINTIFFS MUST PROVIDE A MORE DEFINITE STATEMENT

JDI moves for dismissal of Plaintiffs' Complaint for the previously-stated reasons. However, in the alternative, JDI asks that this Court order that Plaintiffs provide a more definite statement, as provided for in Fed. R. Civ. P. 12(e). Plaintiffs' Complaint is vague and ambiguous because it does not identify the product(s) in issue, JDI's

relationship with the product, and where, what, when, and how each plaintiff came into contact with the product, nor the legal theory under which recovery is sought. If the Court should find that the Plaintiffs have stated a cause of action, JDI moves for a more definite statement.

## **CONCLUSION**

For the reasons set forth above, this Court should grant the defendant's motion, and grant it the following relief:

a.) Under Fed. R. Civ. P. 12(b)(6) dismiss the Plaintiffs' Complaint for failure to state a cause of action, where the complaint fails to set forth a cognizable cause of action and fails to allege that the defendant made, designed, sold or distributed the "premis" product in issue;

b.) Under Fed. R. Civ. P. 12(b)(1) dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, where the corporate citizenship of JDI and its principal place of business has not been plead, and where the citizenship of the three plaintiffs is not properly plead;

c.) Under Fed. R. Civ. P. 10(b) dismiss Plaintiffs' Complaint for failure to conform with pleading formation, where the plaintiff has failed to plead separate, numbered paragraphs;

d.) Under Fed. R. Civ. P. 21 sever the claims asserted by the three plaintiffs, where the inhalation or dermal or ocular exposure to these three prisoners with unusual and dissimilar medical conditions creates differing issues of fact and law, and where the circumstances alleged do not indicate that the injuries arose from a common occurrence; and

e.) Under Fed. R. Civ. P. 12(f) strike improper prayers for relief and extraneous matters, where the prayers for recovery of punitive damages, attorney's fees, free life time health care, nationwide publication of new labeling suggested by the plaintiffs, and other equitable relief fail, on their face, as a matter of law.

WHEREFORE, JDI prays for dismissal of the Complaint, or in the alternative, for severance of these claims, for entry of an order for a more definite statement and an order striking the prayers for relief including injunctive relief, punitive damages, attorney's fees and costs, and for such other and further relief as this court deems just and proper.

The defendant,
JOHNSONDIVERSEY, INC.
By its attorneys,

_____
Lee Stephen MacPhee, BBO #312400
Philip M. Hirshberg, BBO #567234
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210-1181
(617) 430-7500

Of counsel:

Patrick G. Donnelly, Esquire
Stephanie M. Keddy, Esquire
Riordan, Donnelly, Lipinski & McKee
10 N. Dearborn St., 4th Floor
Chicago, Illinois 60602
(312) 663-9400