**EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND RELEASE

1. I, DONALD F. BLIZZARD, SR., (hereinafter "the Releasor"), in consideration of the payment of five hundred ($500.00) dollars, hereby forever release and discharge JOHNSONDIVERSEY, INC. (Incorrectly identified as "Johnson Divsersay, Inc.) (hereinafter referred to as the "Releasees"), and its officers, directors, shareholders, employees, agents, servants, attorneys, counsel of record, assigns, affiliates, subsidiaries and divisions, predecessors, successors, insurers and any and all other persons, firms and corporations in which any or all of them might have an interest, of and from any and all actions, causes of action, suits, controversies, proceedings, claims arising out of personal injury, death, loss of consortium, violation of any statute, federal, state or local, breach of contract, breach of promise, breach of warranty, promissory estoppel, workers' compensation, demands and liabilities of every name and nature and description, both in law and equity, costs, losses, expenses and fees which said Releasor now has or may have ever had from the beginning of the world to date known or unknown, suspected or unsuspected, liquidated and contingent, including, but not limited to, those relating in any way to the issues raised in the case of *Michael Tillman, et al v. JohnsonDiversey, Inc.*, U.S.D.C. for the District of Massachusetts, Civil Action No. 04-CV-40107, or any issues otherwise arising out of or in connection with the Releasor's injuries alleged to be related to the use of any product manufactured, distributed, sold, delivered or provided, at any time, by the Releasees for use at the Federal Medical Center at Devens, Massachusetts.

2. The Releasor promises promptly to indemnify, defend and hold harmless the Releasees against any and all causes of action, claims, liens, demands, liability,

938741v1

actions, rights, damages of any kind or nature, costs, charges, losses, expenses, and attorneys' fees arising directly or indirectly from the claim referenced in Paragraph 1.

3. It is understood and agreed by the Releasor and Releasees that this Release is not to be construed as an admission of liability on the part of the Releasees and that the Releasees expressly deny any liability for any injury or damages of any kind or nature to the Releasor.

4. It is further understood and agreed that any and all sums of money paid hereunder are received in full and final settlement and satisfy all claims and demands whatsoever, relating directly or indirectly to the lawsuit and/or incident described in Paragraph 1.

5. In entering into this settlement agreement, the Releasor represents that terms of this agreement are fully understood and voluntarily accepted by the Releasor.

6. The Releasor agrees that he will maintain the confidentiality of a.) this settlement and the specific and general terms thereof as set forth in this agreement, b.) all discovery materials not a matter of public record, including transcripts of testimony, exhibits to depositions and/or the trial of the case, document productions, and other related materials. The Releasor will return to the Releasees all written material (both original and photocopied) produced in the course of the litigation by the Releasees. No information concerning this litigation and/or this settlement will be disclosed to any party, except that the Releasor may disclose the terms of this settlement to any public agency entitled to receive such information according to applicable statutes and regulations. No other disclosure of the terms of this agreement may be made by any party. The terms of this paragraph are expressly agreed to be severable, and breach of

938741v1

these terms by any of the parties will not constitute a breach of the remainder of this agreement.

7. This agreement and the legal relations between the parties hereto shall be governed and construed by the laws of the Commonwealth of Massachusetts.

8. Releasees' counsel agrees to file with the Court all documents necessary to effect a Stipulation of Dismissal with Prejudice of the pending litigation between the parties.

9. This agreement contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this Release are contractual and not a mere recital.

10. The Releasor expressly understands and agrees that by accepting the foregoing Release, the Releasees do not admit or agree that they have, will have, or ever had any liability to the Releasor.

Executed at Federal Medical Center at Devens, this _____ day of _____, 2004.

_____
DONALD F. BLIZZARD, SR.

WITNESS:

_____

938741v1